NO. 07-02-0190-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

AUGUST 20, 2002

_____


PRESTON J. WHITE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2002-439262; HONORABLE JIM BOB DARNELL, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

**ABATEMENT AND REMAND**

Pursuant to a plea of guilty, appellant Preston J. White was convicted of injury to a child and punishment was assessed at life imprisonment. Appellant timely filed a *pro se* notice of appeal pursuant to Rule 25.2(b)(3)(B) of the Texas Rules of Appellate Procedure. Both the clerk's record and reporter's record have been filed. By order of the trial court,

David Guinn was appointed to represent appellant on appeal. Appellant's brief was due to be filed on June 24, 2002, but has yet to be filed. Also, no motion for extension of time has been filed. By letter dated July 23, 2002, this Court notified Mr. Guinn of the defect and also directed that he explain by August 5, 2002, why the brief has not been filed. Mr. Guinn did not respond and the brief remains outstanding.

Therefore, we now abate the appeal and remand the cause to the trial court for further proceedings pursuant to Rule 38.8(b)(2) and (3) of the Texas Rules of Appellate Procedure. Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter conduct a hearing to determine the following:

1. whether appellant desires to prosecute the appeal;
2. whether appellant is indigent and remains entitled to appointed counsel;
3. whether appointed counsel has abandoned the appeal; and
4. whether appellant has been denied effective assistance of counsel given his attorney's failure to file a brief.

The trial court shall cause the hearing to be transcribed. Should it be determined that appellant desires to continue the appeal, then the trial court shall also take such measures as may be necessary to assure appellant effective assistance of counsel, which measures may include the appointment of new counsel. If new counsel is appointed, the name, address, telephone number, and state bar number of said counsel shall be included in the order appointing new counsel. Finally, the trial court shall execute findings of fact,

conclusions of law, and such orders as the court may enter regarding the aforementioned issues, and cause its findings and conclusions to be included in a supplemental clerk's record. A supplemental record of the hearing shall also be included in the appellate record. Finally, the trial court shall file the supplemental clerk's record and the supplemental reporter's record with the Clerk of this Court by Friday, October 4, 2002.

It is so ordered.

Per Curiam

Do not publish.